Dear Mr. Wall:
This office is in receipt of your request for an opinion of the Attorney General in regard to provisions of the City Charter. You ask the following:
 1. Do Sections 3-10 and 8-02 of the City Charter of the City of Baker, LA., require concurrence of the City Council for Mayoral appointments for positions not enumerated in the Charter; and
 2. Does the Mayor of the City of Baker, in light of Charter Sections 2-17 and 6-02, possess the authority to establish salaries for any appointed position without Council action or must such salary be included in the City of Baker pay plan annually adopted with the budget?
We find that Section 3-10 of the City Charter provides in pertinent part that "the Mayor shall appoint all city officials * * * except that Council approval shall be required for concurrence in the appointment of members of boards and commissions." Additionally, Sections 8-02 and 8-03 provide, "All appointments of officers, officials or employees, unless otherwise provided for by applicable state law or rules and regulations of the Civil Service Board shall be made by the Mayor", and "Appointments and approval of appointments recommended by the Mayor which require Council action shall be made by majority vote of the Council."
All the provisions of the Charter must be read together, and Section 3-10 clearly states that "the Mayor shall appoint all city officials", and the only exception set forth therein is for concurrence by the council for "members of boards and commissions". That Section further provides that the Council alone shall appoint the Clerk of Council and the Auditor, and this provision is consistent with Sections 2-14, 2-15.
However, we note that Section 2-16 mandates that the Council "shall participate in the ratification of appointment of such employees as is designated by state law, this charter, or ordinance", and we find various charter provisions that mandate an appointment by the Mayor shall be "with concurrence of the Council", such as Sections 4-06 for City Attorney, 4-11 for Treasurer, 4-24 for the Board of Review, 5-03 for four members of Civil Service Boards, 5-10 for Director of Personnel.
Accordingly, we must conclude that concurrence by the City Council for Mayoral appointments will be only those appointments as set forth in the Charter that mandate the concurrence of the Council.
In regard to your second question on the power of the Mayor to establish salaries for any appointed position, you refer to Sections 2-17 and 6-02 of the Charter which provide as follows:
 Sec. 2-17. All actions having the force and effect of law; creating an obligation on the part of the city, fiscal or otherwise; appropriating money; levying a tax or other revenue measure; concerning a franchise; creating or modifying debt; or concerning a special district shall be by ordinance.
 Sec. 6-02. The operating budget form shall be a modified lump sum budget of expenditures and a detailed budget form of revenues. The operating budget shall be supplemented by a detailed schedule of personnel and a detail of such other budget classifications as the Mayor deems advisable.
The charter provides in Section 3-07 that the Mayor in his executive capacity shall supervise and direct the operations of all units of the City government, and further states that he "shall prepare and submit to the Council the pay plan". Section 6-03 requires heads of departments to submit their operating budget requests to the Mayor, and he shall consolidate all departmental budget requests and "make his recommendation of the operating budget to the Council". After public hearings as the council deems necessary, "the budget shall be adopted" and "passage of the budget ordinance shall constitute revenue and appropriations within the terms of the budget classification."
In Atty. Gen. Op. 81-777 regarding the charter for Monroe, this office noted that the Mayor did not question the Council's authority to appropriate funds and adopt the operating budget as a group, but questioned the authority of the Council to adjust line items for individual employees. This office related that the City Charter established the City Council as the legislative authority of the City, and gave the Council authority to appropriate all funds and adopt the operating budget, but it further observed that the Charter established the Mayor as the chief executive officer and endowed him with executive and administrative authority over all departments, offices and agencies of the City except as otherwise provided by the Charter. It was noted that the Charter required the mayor to submit to the Council a proposed operating budget containing a general budget summary with supporting schedules which was to contain detailed estimates of all proposed expenditures, and a proposed draft of the appropriation ordinance with all appropriations to be by department or program. This office related that the direction to attach supporting schedules and supply detailed estimates "would indicate the Council would have the authority to adjust the salaries of individuals"; but this office then stated, as follows:
However, the direction to show the relationship of total expenditures and total revenues, and that the appropriations be made by department and/or program would indicate that the Council only has authority to adjust the appropriation for a group, rather than the individuals within the group.
Therein this office particularly noted that the Charter clearly separates the executive and legislative powers and duties as between the council and the mayor, and concluded, "It would be unrealistic to take the position that the exercise of authority to adjust an individual's salary is not an involvement in the supervision over that individual employee. Other than the power of hiring and firing, the power to adjust an individual's salary would seem to be the most basic exercise of authority over that individual's employment." This office then stated, "Therefore, it is our opinion that the Council, by assuming authority to adjust an individual's salary, i.e. adjust line items, would be in violation of an express provision of the charter, and the council should not adjust line items for individual employees."
We note that wherein Section 3-10 provides that the Mayor shall appoint all city officials, it requires approval by the Council for appointment of members of boards and commissions and others as set forth in the Charter. Section 3-11 allows the Mayor to remove all appointments "except those appointments requiring Council concurrence shall also require Council concurrence for removal from office." Therefore, the Mayor alone does not totally hire and fire.
However, based upon the prior reasoning of this office, we would conclude the Council in adjusting an individual's salary would be in violation of the Charter. While the Charter requires concurrence of the Council for specified appointments and firing, the Charter provides that the operating budget shall be a modified lump sum budget of expenditures that is supplemented by a detailed schedule of personnel. The Charter directs that the department heads submit their operation budget to the Mayor who "shall consolidate all departmental budget requests and make his recommendation of the operating budget to the council." As stated by this office in the prior cited opinion, this would indicate that the council only has authority to adjust the appropriation for a group, rather than the individuals within the group.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ___________________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL RPI/BBR